UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HOPE DAVIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1666** |
| **ARTHUR FERNANDEZ, ET AL.** | **SECTION: "B"(3)** |

ORDER AND REASONS

Before the Court are plaintiff's complaint (Rec. Doc. 1), defendants' answer (Rec. Doc. 13), plaintiff's amended complaint (Rec. Doc. 19), defendants' answer to the amended complaint (Rec. Doc. 21), defendants' motion to require plaintiff to reply to their answer pursuant to FRCP Rule 7(a) (Rec. Doc. 22), and plaintiff's response to defendants' motion (Rec. Doc. 23). For the following reasons,

**IT IS HEREBY ORDERED** that defendants' motion to require a reply pursuant to FRCP 7(a) (Rec. Doc. 22) is **GRANTED in part**, requiring a Rule 7(a) reply within ten days of the date of this order, detailing the specific acts of defendants Crosby and Blanchard that allegedly caused a constitutional wrong.

I.   FACTS AND PROCEDURAL HISTORY

On or about September 8, 2021, plaintiff Hope Davis ("Plaintiff"), an African American woman, filed suit in this Court, alleging that pursuant to 42 U.S.C. § 1983, the defendants Arthur Fernandez ("Fernandez"), Milton Crosby ("Crosby"), and Russel

1

Blanchard ("Blanchard") violated her constitutional rights. Rec. Doc. 1 (Complaint); Rec. Doc. 19 (Amended Complaint).

On September 8, 2020, plaintiff was summoned to the Gretna Municipal Court to answer for a traffic violation when she was allegedly unlawfully arrested. Rec. Doc. 19. Plaintiff asserts that she was standing in line, waiting to enter the courthouse, when she observed that some people in line were not practicing social distancing. *Id.* Plaintiff voiced her concerns about the lack of enforcement of the CDC guidelines to others near her in line. *Id.* A court employee overheard plaintiff's comments and responded by telling plaintiff that court personnel was aware of the social distancing guidelines. *Id.* Plaintiff then informed the court employee that she had not directed her remarks to her. *Id.*

After the exchange, defendant Fernandez, an on-duty Gretna Police Department officer at the courthouse, allegedly approached plaintiff and told her that he did not appreciate how she spoke to the court employee. Rec. Doc. 19. Plaintiff responded to Fernandez by stating that social mandates were not being enforced and that he could not keep her from stating that fact. *Id.* Fernandez then allegedly responded by ordering plaintiff to immediately leave the courthouse, or she would be arrested. *Id.* Plaintiff did not go. *Id.* Subsequently, Fernandez placed plaintiff in handcuffs, removed

2

her from the line, and instructed her about her *Miranda* rights. *Id.*

Plaintiff contends that she did not physically resist being placed in handcuffs; however, Fernandez tightened her handcuffs, and raised her hands higher behind her back, causing plaintiff severe physical pain. Rec. Doc. 19. After Fernandez arrested plaintiff, he allegedly called defendant Crosby to request a patrol unit to transport plaintiff from the courthouse to Jefferson Parish Correctional Center ("JPCC"). *Id.* Defendant Blanchard was the officer that arrived to transport plaintiff to JPCC. *Id.* Upon arriving at JPCC, Blanchard placed plaintiff in a holding cell. *Id.* Plaintiff asserts the cell was dark and cold, with raw sewage leaking into it. *Id.* Plaintiff further contends that at no time during her confinement did the defendants or any other person offer her a telephone call, food, water, a toilet, or a mask. Rec. Doc. 19. Plaintiff was released from the holding cell several hours later and charged with violating Gretna's codal Ordinances, specifically "§16-114 disturbing the peace" and "§16-49 entry on or remaining in places after being forbidden." *Id.* As a result of this ordeal, plaintiff asserts entitlement to compensatory damages for injuries resulting from deprivation of constitutional rights. *Id.*

On January 24, 2022, defendants filed an answer to plaintiff's complaint, asserting, among other things, the defense of qualified immunity. Rec. Doc. 13. On February 14, 2022, plaintiff amended her complaint to include more specific allegations. Rec. Doc. 19. Thereafter, on March 14, 2022, defendants filed an amended answer, reasserting defenses previously raised in their initial response. Rec. Doc. 21.

On March 14, 2022, defendants filed a motion to require a reply to their answer pursuant to Federal Rule of Civil Procedure 7(a). Rec. Doc. 22. Defendants contend that plaintiff's complaint does not contain factually specific allegations regarding each defendant's actions that violated plaintiff's constitutional rights. *Id.* On March 22, 2022, plaintiff filed a response to defendants' motion, recognizing the Court's discretion to order a Rule 7(a) reply and deferring to this Court's judgment. Rec. Doc. 23.

## II. LAW AND ANALYSIS

**Qualified Immunity Defense**

To plead a claim under 42 U.S.C. § 1983, a plaintiff is required to allege facts demonstrating that: (1) the defendant violated the Constitution or federal law; and (2) the defendant was acting under the color of state law while doing so. *See Wilson*

4

*v. Dallas Cty. Hosp. Dist.*, 715 F. App'x 319, 323 (5th Cir. 2017). Government officials can defend against a Section 1983 claim by asserting qualified immunity. *Ramos v. Louisiana*, 506 F. Supp. 3d 398, 403 (E.D. La. 2020). This doctrine protects government officials sued in their individual capacities "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 403; *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir.1994); *see also Gibson v. P.A. Rich*, 44 F.3d 274, 277 (5th Cir.1995). Since qualified immunity does not merely offer immunity from liability, but also provides immunity from suit, *see Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir.1994), plaintiffs must allege more than conclusory allegations to support their claims. *See Schultea v. Woo*d, 47 F.3d 1427, 1434 (5th Cir.1995) (en banc).

In *Shultea*, the Fifth Circuit discussed the level of particularity with which a plaintiff must plead a § 1983 claim to overcome a defense of qualified immunity. 47 F.3d at 1433. Relying upon Federal Rule 7(a), the Fifth Circuit held:

> When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations.

5

*Id.* The *Shultea* court established a two-step procedure to apply in any § 1983 suit against a public official: (1) a plaintiff must file a short and plain statement of his complaint, but the statement cannot rest on conclusions alone; and (2) the Court may require the plaintiff to file a reply tailored to responding to the defense of qualified immunity. *Id.* The Fifth Circuit also instructs that "[v]indicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to [require a reply] is narrow indeed when greater detail might assist." *Id.; see also Reyes v. Sazan*, 168 F.3d 158 (5th Cir.1999) ("[f]aced with sparse details of claimed wrongdoing by officials, trial courts ought [to] routinely require plaintiffs to file a reply under Federal Rule of Civil Procedure 7(a) to qualified immunity defenses.").

The reply the Fifth Circuit is referring to in *Shultea* is articulated in Federal Rule of Civil Procedure Rule 7(a). To comport with Rule 7(a), a reply must provide more than "mere conclusions" and "cannot be allowed to rest on general characterizations." *Shultea*, 47 F.3d at 1433. Instead, a Rule 7(a) reply must comport with the principle of "heightened pleading" by including "allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury." *Id.*

Additionally, the reply "must be tailored to the assertion of qualified immunity and fairly engage its allegations." *Id.*

The allegations against Fernandez met the heightened pleading standard necessary to overcome his defense of qualified immunity. However, plaintiff's complaint does not contain sufficient factual specificity regarding the actions of Crosby and Blanchard to satisfy the heightened pleading standard required under the doctrine.

At most, Crosby and Blanchard are either dispatchers, transporters, or guards at the JPCC. There is no allegation that Crosby or Blanchard were the wardens or official custodians over the conditions within that facility. Conclusory allegations that they violated constitutional rights cannot stand without supporting factual allegations. *Schultea*, 47 F.3d at 1434 (stating that a Rule 7(a) reply is only required when the claims in the complaint are not supported "with sufficient precision and factual specificity to raise a genuine issue as to the illegality of [a] defendant's conduct at the time of the alleged acts.").

Accordingly, defendants' motion for a Rule 7(a) reply is **GRANTED in part**, requiring a fact-focused reply detailing the specific acts of defendants Crosby and Blanchard that allegedly caused a constitutional wrong. That reply must be filed **no later than ten (10) days from the date of this order. FAILURE TO TIMELY**

**COMPLY WITH THIS ORDER MAY LEAD TO DISMISSAL OF CLAIMS AGAINST THE LATTER DEFENDANTS WITHOUT FURTHER NOTICE.**

New Orleans, Louisiana this 3rd day of May, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE